# In the United States Court of Federal Claims

### No. 20-345C
### (Filed: November 20, 2020)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
ASAFO AMEN EL, also known as                     *
TYRUS L. TINNON, SR.,                            *
                                                 *
          Plaintiff,                             *
                                                 *
     v.                                          *
                                                 *
THE UNITED STATES,                               *
                                                 *
          Defendant.                             *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

_____

### ORDER OF DISMISSAL
_____

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons stated below, Defendant's motion is **GRANTED**.

### Background[1]

Plaintiff pro se Asafo Amen El alleges that the United States Postal Service ("USPS") employed him from November 1995 to November 2013. Plaintiff alleges that the USPS mishandled his personal mail on several occasions between February 2015 and August 2018.

Specifically, Plaintiff claims that the Postal Service delayed delivering a package that he mailed to the United States Tax Court on February 25, 2015, but did not arrive until March 9, 2015. Second, Plaintiff alleges that he ordered products through Amazon from "betterlife.com" on November 28, 2016, that the products arrived on March 10, 2017, and the packaging was cut open, taped and placed into a secondary envelope. Compl. ¶ 23. Third, Plaintiff alleges that his OPM paycheck was to be delivered on August 1, 2018, but was not delivered until August 3, 2018.

---

[1]     This background is derived from Plaintiff's complaint, Defendant's motion to dismiss, and Plaintiff's response.

Additionally, Plaintiff alleges that the Postal Rate Commission ("PRC"), by increasing the cost of several PS forms, including forms 3800 (Certified Mail Receipt), 3811 (Domestic Return Receipt), and 8165 (Mail Fraud Report), "composed a scheme to raise the pricing rates" of certified mailing, based on his complaint, and is liable for unjust enrichment by profiting from Plaintiff's Tax Court complaint. Compl. ¶¶ 18-20, 34.

Based upon these allegations, Plaintiff claims that the Postal Service violated the Fifth Amendment, Commerce Clause, Due Process Clause, various provisions of the United States Code, the Treaty of New Echota, the Indian Tucker Act, and his contractual rights. Specifically, Plaintiff cites 19 U.S.C. § 1619 (Award of compensation to informers), 28 U.S.C. § 524 (Availability of Appropriations), 28 U.S.C. § 1491 (Claims against United States generally), 28 U.S.C. § 1505 (Indian claims), 39 U.S.C. § 401 (General powers of the Postal Service), 39 U.S.C. § 403 (General duties of the Postal Service), 39 U.S.C. § 409 (Suits by and against the Postal Service), and 39 U.S.C. § 3961 (Establishment of modern service standards) as grounds for subject matter jurisdiction. Further, Plaintiff claims that the USPS is "illegally surveilling [him]." Compl. at 12. He alleges that the USPS "zero[ed]-in on [his] locations, and daily activities, [which] was how the taking[s] clause violations occurred." Compl. ¶ 4. Plaintiff seeks compensation of "$133,500,000 per constitutional violation[]." Compl. ¶ 5.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court:

shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525

F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Although Plaintiff alleges claims under the Takings Clause and "[i]t is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction," his allegations do not come within this Court's Takings jurisdiction. Jan's Helicopter Serv., Inc., 525 F.3d at 1309. It is well established that allegations of mishandling of mail by the USPS sound in tort and cannot be entertained by this Court. See Lucas v. United States, 228 Ct Cl. 860, 861-62 (1981) ("[P]laintiff's claims based upon the delay in transmitting the letter sound in tort."); O'Diah v. United States, 722 Fed. App'x 1001, 1004 (Fed. Cir. 2018) ("The mishandling of mail . . . sounds in tort and falls outside of the Claims Court's jurisdiction."); Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998) ("Even where the claim is framed under non-tort law, the court lacks jurisdiction if the essence of the claim lies in tort.").

The fact that Plaintiff alleges a "taking" does not automatically vest this Court with jurisdiction. See Barksdale v. United States, 582 Fed. App'x 890, 892 (Fed. Cir. 2014) (per curiam) (finding despite "the use of the word 'taking,'" plaintiff's claims fell outside the jurisdiction of the Claims Court); Gulley v. United States, No. 19-1816C, 2020 WL 6141031, at *9 (Fed. Cl. Oct. 19, 2020) ("[Plaintiff] cannot invoke this Court's subject-matter jurisdiction over his Complaint merely by employing the magic word 'taking.'").

Plaintiff argues breach of an "implied-in-fact express" contract but fails to allege sufficient facts indicating how an implied-in-fact or express contract with the United States was formed. To the extent that Plaintiff claims he relied upon expected delivery dates provided by the USPS, this Court lacks jurisdiction. See Ellis v. United States, No. 19-1489C, 2020 WL 831855, at *3 (Fed. Cl. Feb. 19. 2020) (finding "allegations of detrimental reliance" on the Postal Service's representations were based on promissory estoppel, a theory of contracts implied-in-law); Hercules, Inc. v. United States, 516 U.S. 417, 423 (1996) (holding that the Tucker Act does not grant jurisdiction for this Court to hear claims on contracts implied-in-law). Additionally, this Court lacks jurisdiction over Plaintiff's claims of unjust enrichment, which arise under contracts implied-in-law. See Lumbermens Mut. Cas. Co. v. United States, 654 F.3d 1305, 1316 (Fed. Cir. 2011) (finding a claim of unjust enrichment "relies on equitable principles" and is "presumably based on an implied-in-law contract theory" (quoting Barrett Refining Corp. v. United States, 242 F.3d 1055, 1062 (Fed. Cir. 2001))).

Plaintiff also references 39 U.S.C. section 409, but this statute grants United States district courts, rather than this Court, original jurisdiction "over all actions brought by or against the Postal Service." The other provisions cited by Plaintiff as sources of this Court's jurisdiction are not money-mandating and do not permit this Court to exercise jurisdiction. To the extent that Plaintiff alleges violations of the Due Process and Commerce Clauses, this Court lacks jurisdiction to entertain those claims. McCauley v. United States, 38 Fed. Cl. 250, 266 (1997), aff'd, 152 F.3d 948 (Fed. Cir. 1998) (unpublished) (the Due Process clause is not money-mandating); Maldonado v. United States, No. 17-813, 2017 WL 3947552, at *3 (Fed. Cl. Sept. 8, 2017) (the Commerce

Clause is not money-mandating).  Nor do the Treaty of New Echota or the Indian Tucker Act confer jurisdiction on this Court in this matter.[2]

## Conclusion

Defendant's motion to dismiss for lack of jurisdiction is **GRANTED**.

*Mary Ellen Coster Williams*

**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**

---

[2]     Even assuming the truth of Plaintiff's allegation that he is a Cherokee Indian, only tribes and not individuals may bring suit under the Indian Tucker Act.  28 U.S.C. § 1505.